SAMUEL M. PETTENGILL *vs.* EDWARD W. HINKS & another & Trustees.

Evidence of a submission by the assured and an agent of the insurers of the amount of a loss by fire to arbitration is not sufficient evidence of a waiver of a condition in a policy of insurance requiring a particular account of the loss, to charge the insurers in foreign attachment as trustees of the assured, if they state in their answers that they have never waived the conditions of the policy.

TRUSTEE PROCESS. The Traders' and Mechanics' Mutual Fire Insurance Company, and the Howard Mutual Fire Insurance Company, both of Lowell in this county, summoned as trustees of the principal defendants, in their answer admitted a loss by fire of property of the defendants in Boston, insured by them; but stated that the defendants had never delivered to them a particular account of the loss, as required by the conditions of insurance made part of each policy. In answer to interrogatories put to them by the plaintiff, they further stated that they had notice of the fire from an agent of theirs; that an officer of each company visited and examined property injured by the fire, and, for the sole purpose of ascertaining the extent of the injury while the fire was recent, agreed to the appointment of three persons to estimate it; but that he did not intend to bind the company by such appraisal, or to waive any of the rights of the company, and had no authority to bind them by a submission to arbitration, and that the company never assented to the appointment of arbitrators.

At the trial in the court of common pleas, the plaintiff called a witness, who testified that he was called upon to act as arbitrator on the part of the plaintiff between him and the insur-

ance companies, and met at the place of the fire those officers, and an arbitrator selected by them on the part of the companies, who together with the witness selected a third, and those officers agreed to abide their decision ; that the witness looked at the policies, and remarked that they provided another mode of assessing damages and giving notice, and said officers said it would make no difference, that they were anxious to ascertain the loss as they wished to pay up ; that the arbitrators made an award with which the officers were satisfied, and one of them said he was going to Lowell, and should settle the matter.

The trustees called the officers, who were permitted, against the plaintiff's objection, to testify that they did not waive any of the conditions of the policy, and had no authority to make a final settlement of the loss, and said so at the time of said meeting.

Upon the trustees' answers and this evidence *Bishop*, J. discharged the trustees, and the plaintiff excepted.

*R. F. Fuller*, for the plaintiff.

*S. A. Brown & B. Dean*, for the trustees.

MERRICK, J.   It is conceded by the plaintiff, that after the occurrence of the injury by fire to the insured property, no such notice as is made requisite by the provisions of the policies to render them liable for the loss was ever given to either of the corporations who are summoned as trustees ; and that they are therefore entitled to be discharged, unless by the acts and proceedings of their officers their right to such notice was virtually waived.   Such provisions respecting the notification of a loss were undoubtedly for the benefit of the insurers, who could, of course, if they should see fit to do so, dispense with its being given.   And they may waive it in express terms, or it may be assumed as a fact if it is a result by necessary implication from their acts or the acts and conduct of their officers.   *Clark* v. *New England Mutual Fire Ins. Co.* 6 Cush. 342.   *Underhill* v. *Agawam Mutual Fire Ins. Co.* 6 Cush. 440.   But the difficulty with the plaintiff's case is that there has been no waiver ; and no transactions from which, in connection with the proofs by which they are surrounded, a fact of that kind can legitimately be

inferred. The answers of the trustees are to be taken to be true; and both corporations in their answers expressly declare that they never waived or intended to waive the benefit, secured to them by the provisions in the policies which they issued, con- cerning the notice to be given them by the insured in case of loss. There is some apparent, and perhaps real, conflict in the testimony of the witnesses, which has been put into the case by the parties in addition to the answers of the trustees; but, fully considered, it is certainly impossible to conclude from this testi- mony, contrary to the statements of the trustees as made in their answers, that they did in fact dispense with the require- ment of the notice provided for. And as the requisite notice was in fact never given, and is not affirmatively shown to have been waived, it follows that no action could have been main- tained against the insurers to recover the amount of the loss; and consequently that they cannot be adjudged to have had any goods, effects or credits of the defendants in their hands when the plaintiff's writ was served upon them.

*Trustees discharged.*